E. Patrick Ellisen CA Bar No. 142033
ellisenp@gtlaw.com
Brian Carpenter pro hac vice
carpenterb@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Ave. 5th Fl.
East Palo Alto, CA. 94304
Telephone: 650-328-8500
Facsimile: 650-328-8508

Attorneys for Plaintiff Protective Optics

Kenneth E. Keller CA Bar No. 71450
Kkeller@kksrr.com
Michael Lisi CA Bar No. 196974
milsi@kksrr.com
Krieg, Keller, Sloan, Reilley & Roman LLP
114 Sansome Street, 4th Floor
San Francisco, CA 94104-3812
Telephone: 415.249.8330
Facsimile: 415.249.8333

Attorneys for Defendant Panoptx, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Protective Optics, Inc.<br>Plaintiff,<br>vs.<br>Panoptx, Inc.<br>Defendant. | Case No. CV 05-02732 CRB<br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 PARTY OR PARTIES: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and OUTSIDE COUNSEL (and their support staff).

2.2 DISCOVERY MATERIAL: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" information or items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another PARTY or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 RECEIVING PARTY: a PARTY that receives DISCOVERY MATERIAL from a PRODUCING PARTY.

2.6 PRODUCING PARTY: a PARTY or non-party that produces or otherwise discloses DISCOVERY MATERIAL in this action.

2.7 DESIGNATING PARTY: a PARTY or non-party that designates information or items that it produces in disclosures or in responses to discovery as " CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 PROTECTED MATERIAL: any DISCOVERY MATERIAL that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 OUTSIDE COUNSEL: attorneys who are not employees of a PARTY but who are retained to represent or advise a PARTY in this action. This definition includes professional jury or trial consultants retained in connection with this litigation.

2.10 HOUSE COUNSEL: attorneys who are employees of a PARTY.

2.11 COUNSEL (without qualifier): OUTSIDE COUNSEL and HOUSE COUNSEL (as well as their support staffs).

2.12 EXPERT: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a PARTY or of a PARTY'S competitor and who, at the time of retention, is not anticipated to become an employee of a PARTY or a PARTY'S competitor.

2.13 PROFESSIONAL VENDORS: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, scanning, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE. The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIAL (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by PARTIES or COUNSEL or in court or in other settings that might reveal PROTECTED MATERIAL.

4. DURATION. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL.

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each PARTY or non-party that designates DISCOVERY MATERIAL for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards developed under Fed. R. Civ. P. 26(c). A DESIGNATING PARTY must take care to designate in good faith for protection only those parts of DISCOVERY MATERIAL that qualify – so that other portions of the material, for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, not made in good faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), shall expose the DESIGNATING PARTY to sanctions. If it comes to a PARTY'S or a non-party's attention that DISCOVERY MATERIAL that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that PARTY or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, DISCOVERY MATERIAL that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trail proceedings), that the PRODUCING PARTY affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify the specific asserted designation corresponding to each portion.

If a PARTY or non-party makes original documents or materials available for inspection, they need not designate them for protection until after the inspecting PARTY has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting PARTY has identified the documents it wants copied and produced, the PRODUCING PARTY must determine which

documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the PRODUCING PARTY must affix the appropriate legend at the top or bottom of each page containing PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the designation being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, and except as provided below, that the PARTY or non-party offering or sponsoring the testimony identify all protected testimony on the record, before the close of the deposition, hearing, or other proceeding, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

When it is impractical to identify separately each portion of testimony that is entitled to protection, the PARTY or non-party that sponsors, offers, or gives the testimony may invoke on the record -- and before the deposition or proceeding is concluded -- a right to have up to 20 calendar days from the date the court reporter serves the parties with a copy of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the asserted designation. Only those portions of the testimony that are appropriately designated for protection within 20 calendar days from the date the court reporter serves the parties with a copy of the transcript shall be covered by the provisions of this Stipulated Protective Order. If the twentieth day falls on a weekend or holiday, the deadline shall move forward to the next business day.

Transcript pages containing PROTECTED MATERIAL must be separately bound by the court reporter, who must affix to the top or bottom of each such page the appropriate legend as instructed by the PARTY or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the PRODUCING PARTY affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation. If only portions of the information or item warrant protection, the PRODUCING PARTY, to the extent practicable, shall identify the protected portions and specify the designation applicable to each such portion.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified DISCOVERY MATERIAL as PROTECTED MATERIAL does not alone waive the DESIGNATING PARTY'S right to secure protection under this Order for such material. If DISCOVERY MATERIAL is appropriately designated after the material was initially produced, the RECEIVING PARTY, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 Timing of Challenges. Unless a prompt challenge to a DESIGNATING PARTY'S confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A PARTY that elects to dispute the DESIGNATING PARTY'S designation must do so in good faith and must first confer directly with counsel for the DESIGNATING PARTY. For the purposes of this section, voice to voice dialogue is required; other forms of communication are not sufficient. In conferring, the challenging PARTY must explain the basis for its belief that the designation was not proper and must give the DESIGNATING PARTY an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging PARTY may seek judicial intervention under section 6.3 only if it has first engaged in good faith in this meet and confer process.

6.3 Judicial Intervention. A PARTY that elects to challenge a confidentiality designation after engaging in good faith in the meet and confer process may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the DESIGNATING PARTY in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY. Until the court rules on the

challenge, all parties shall continue to afford the material in question the level of protection corresponding to the PRODUCING PARTY'S designation, as provided in Section 7 of this Order.

7. ACCESS TO AND USE OF PROTECTED DISCOVERY MATERIAL.

7.1 Basic Principles. A RECEIVING PARTY may use PROTECTED DISCOVERY MATERIAL that is disclosed or produced by another PARTY or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of section 11, below (FINAL DISPOSITION).

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that limits access to the persons authorized under this Order. Storage and maintenance of CONFIDENTIAL information or materials by the recipient in the same manner as it stores and maintains its own confidential and proprietary information shall be deemed sufficient.

7.2 Disclosure of "CONFIDENTIAL" DISCOVERY MATERIAL. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose DISCOVERY MATERIAL designated as "CONFIDENTIAL" only to:

(a) the RECEIVING PARTY'S OUTSIDE COUNSEL of record in this action, as well as employees of said COUNSEL to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including HOUSE COUNSEL) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation;

(c) EXPERTS of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation;

(f) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided the DESIGNATING PARTY is given a reasonable opportunity to object to such disclosure. Pages of transcribed deposition testimony or exhibits to depositions that reveal PROTECTED MATERIAL must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) members of the jury subject to such controls as may be requested by the DESIGNATING PARTY and ordered by the Court at the time of trial; and

(h) the author and any original recipient of the document.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY shall not disclose any DISCOVERY MATERIAL designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to any person contracted, employed, retained, or otherwise engaged by either PARTY to conduct patenting activities for that PARTY in the field of eyewear, unless that person agrees in advance in writing to refrain from all such patenting activities for that PARTY for one year from the termination of this litigation. For the purposes of this section, "patenting activities" shall be defined as follows: (1) preparing and/or prosecuting any patent application or portion thereof, whether design or utility, and either in the United States or abroad, (2) preparing patent claim(s) relating to the field of eyewear, and/or (3) providing advice, counsel, or suggestion regarding -- or in any other way influencing -- claim scope, claim language, embodiments for claim coverage, or claims for prosecution relating to eyewear; or products or processes for coverage by claims relating to eyewear. For the purposes of this section, "termination of this litigation" means the date on which the time for all appeals expires.

Further, unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose DISCOVERY MATERIAL designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a) the RECEIVING PARTY'S OUTSIDE COUNSEL of record in this action, as well as employees of said OUTSIDE COUNSEL to whom it is reasonably necessary to disclose the information for this litigation;

(b) EXPERTS (as defined in this Order), pursuant to the procedures outlined in Section 7.4, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order";

(c) the Court and its personnel;

(d) court reporters, their staffs, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation;

(e) members of the jury subject to such controls as may be requested by the DESIGNATING PARTY and ordered by the Court at the time of trial; and

(f) the source, author, or any original recipient of the document.

7.4 Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to EXPERTS.

(a) Unless otherwise ordered by the court or agreed in writing by the DESIGNATING PARTY, a PARTY that seeks to disclose to an EXPERT any DISCOVERY MATERIAL that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the DESIGNATING PARTY that (1) sets forth the full name of the EXPERT and the city and state of his or her primary residence, (2) attaches a copy of the EXPERT'S current resume, (3) identifies the EXPERT'S current employer(s), (4) identifies each person or entity to whom the EXPERT has provided professional services at anytime during the preceding four years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the EXPERT has provided any professional services during the preceding four years.

(b) For purposes of trial or deposition witnesses other than persons already covered by this Stipulated Protective Order, a PARTY may seek to disclose CONFIDENTIAL information or material in the action only where it is reasonably necessary for purposes of the litigation, and where that PARTY has first made a written request to the DESIGNATING PARTY that (1) sets forth the full name of the witness and the city and state of his or her primary residence, and (2) identifies the witness' current employer and occupation; however, the PARTIES agree that, if it becomes necessary to disclose such PROTECTED MATERIAL to a trial or deposition witness during the course of his or her testimony, the DESIGNATING PARTY will not unreasonably withhold consent for that disclosure.

(c) A PARTY that makes a request and provides the information specified in paragraph (a) may disclose PROTECTED MATERIAL to the identified EXPERT or witness no earlier than eight court days after delivering such a request, unless, within seven court days of delivering the request, the PARTY receives a written objection from the DESIGNATING PARTY. Any such objection must set forth in detail the grounds on which it is based.

(d) A PARTY that receives a timely written objection must meet and confer with the DESIGNATING PARTY (through direct voice to voice dialogue) to try in good faith to resolve the matter by agreement. If no agreement is reached, the PARTY seeking to make the disclosure to the EXPERT or witness may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the EXPERT or witness is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the DESIGNATING PARTY for its refusal to approve the disclosure.

In any such proceeding, the PARTY opposing disclosure to the EXPERT or witness shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the RECEIVING PARTY'S need to disclose the PROTECTED MATERIAL to its EXPERT or witness.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION. If a RECEIVING PARTY is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the RECEIVING PARTY must so notify the DESIGNATING PARTY, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The RECEIVING PARTY also must immediately and in no even more than three (3) court days after receiving the subpoena or order inform in writing the PARTY who caused the subpoena or order to issue in the other litigation that some or all the material covered by the

subpoena or order is the subject of this Protective Order. In addition, the RECEIVING PARTY must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the DESIGNATING PARTY in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The DESIGNATING PARTY shall bear the burdens and the expenses of seeking protection in that court of its confidential material -- and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIAL to any person or in any circumstance not authorized under this Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) take reasonable steps to persuade such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this action any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the PRODUCING PARTY, within sixty days after the final termination of this action (including all appeals), each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY. As used in this subdivision, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the PROTECTED MATERIAL. With permission in writing from the DESIGNATING PARTY, the RECEIVING PARTY may destroy some or all of the PROTECTED MATERIAL

instead of returning it. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY (and, if not the same person or entity, to the DESIGNATING PARTY) by the sixty day deadline which states that all the PROTECTED MATERIAL was returned or destroyed and that affirms that the RECEIVING PARTY has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding this provision, COUNSEL are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain PROTECTED MATERIAL. Any such archival copies that contain or constitute PROTECTED MATERIAL remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS.

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order, including any waiver of any objection that may be raised as to the admissibility at trial of any evidentiary materials, materials subject to the work product doctrine, any applicable privilege, or materials which are otherwise beyond the scope of permissible discovery.

12.3 If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. No information learned solely from inadvertently produced material may be used for any purpose. The party returning such information may move the Court for an Order compelling production of such

information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

12.4 Nothing in this Order shall be construed to prevent a designating party from seeking such further provisions regarding confidentiality as may be appropriate.

12.5 The designation or non-designation of any material under this Protective Order shall not be admissible as evidence in any litigation for any purpose, except in the present litigation for the purpose of pursuing sanctions under Section 5.1 of this Order.

12.6 Drafts, whether written or electronic, of expert reports for either party shall not be subject to discovery in this case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

E. Patrick Ellisen CA Bar No. 142033
GREENBERG TRAURIG, LLP
1900 University Ave. 5th Fl.
East Palo Alto, CA. 94303
Telephone: 650-328-8500
Facsimile: 650-328-8508

Michael D. Lisi CA Bar No. 196974
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, CA 94104-3812
Telephone: 415.249.8330
Facsimile: 415.249.8333

SO ORDERED:

DATED: July 24, 2006.

The Honorable Charles R. Breyer
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Charles R. Breyer