IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTIVE OPTICS, INC., | No. C-05-02732 CRB (EDL) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| PANOPTX, INC., | |
| Defendant. | |

Before the Court is Plaintiff's motion to compel Defendant to respond to interrogatories, or, in the alternative for an order allowing more than twenty-five interrogatories. The Court has fully reviewed the papers and finds the matter appropriate for a decision without oral argument. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Compel and vacates the April 10, 2007 hearing.

**I.    Factual Background**

Plaintiff brought suit against Defendant for infringement of U.S. Patent No. 6,062, 688 ("the '688 Patent"), a patent relating to convertible sunglasses with a detachable eyecup. In its Final Infringement Contentions, Plaintiff alleged that 14 separate products infringed 10 separate claims of the '688 Patent. In addition to its infringement claim, Plaintiff also alleged claims for misappropriation of trade secrets, fraud and unfair competition. Defendant brought counterclaims against Plaintiff, seeking declaratory relief of non-infringement and invalidity, and alleging false patent marking. During discovery, Plaintiff first served a set of 17 interrogatories and 51 document requests. Subsequently, Plaintiff served a second set of interrogatories, numbered 18 through 23, and requests for admissions. Plaintiff objected to the second set of interrogatories, arguing that the

numbering was improper and misleading, and in actuality Interrogatory 18 contained 140 discrete subparts.  Because the Federal Rules of Civil Procedure limit parties to 25 interrogatories without leave of the Court or agreement of the parties, Defendants objected and responded only to the first 8 subparts of the Second Set of Interrogatories.

Interrogatory 18 asks Defendant to provide the following information: "If you contend that any of the Accused Products do not infringe claims 1, 2, 8, 10, 15-18, 20, or 42 of the '688 Patent under the Court's construction of the disputed terms in those claims as set forth in its October 23, 2006 Order, identify each claim limitation which you contend is absent from each of the Accused products and state the bases for each contention."  See Plaintiff's Second Set of Interrogatories to Panoptx, McCloskey Decl. (Doc. No. 105), Ex. B.  Plaintiff's Final Infringement Contentions identify 14 separate Accused Products.  See Final Infringement Contentions, McCloskey Decl., Ex. A.  With 14 Accused Products and 10 claims at issue, Defendant contends that Interrogatory 18 arguably demands that Defendant provide 140 statements of its non-infringement position – far in excess of the 25 interrogatory limit.  See Opp. at 2.  Defendant counted it as 14 discrete requests (one for each accused product), causing Plaintiff to exceed the limit.  Id. at 4.

Interrogatories 19 and 20 seek the bases of Defendant's Third and Tenth affirmative defenses.  Interrogatory 21 seeks the basis of Defendant's counterclaim of false marking.  Interrogatory 22 asks Defendant to identify adequate non-infringing substitutes.  Interrogatory 23 has been withdrawn.

## II.    Legal Standard

Federal Rule of Civil Procedure 33(a) states that "any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served."  Fed. R. Civ. P. 33(a).  The parties may, however, stipulate to more or obtain leave of Court.  See Fed. R. Civ. P. 33(a).  In patent cases in particular, where issues are often more complex than the typical federal case for which the presumptive limit was developed, leave to exceed 25 interrogatories may well be appropriate.  See, e.g., Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473 (N.D. Cal. 2004) (interrogatory limit expanded to 50 in matter involving 26 accused products); see also Advisory Committee Notes, 1993 Amendments ("In many

cases it will be appropriate for the court to permit a larger number of interrogatories in the scheduling order entered under Rule 16(b)"). This flexibility is consistent with the requirement that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "[t]he aim of the [numerical limit] is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." See Safeco v. Rawstron, 181 F.R.D. 441 (C.D. Cal. 1998) (citing Advisory Committee Notes, 1993 Amendments). Accordingly, reasonable parties should stipulate to appropriate additional interrogatories in a complex case such as this one, rather than engage in motion practice. In view of Defendant's unreasonable failure to do so, the Court will allow additional interrogatories as long as they are not "unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." Fed.R.Civ.P. 26(b)(2)(iii).

**III.    Discussion**

Interrogatory No. 18 seeks the identification of claim limitations which Defendant claims are not met by each Accused Product, and the basis for each such contention. These inquiries "properly are calculated to identify and narrow issues and lead to the discovery of relevant evidence." See Swartzer et al., Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice (2d ed. 1994), at 4-10 (describing with approval contention interrogatories that "inquire about specific issues, such as ... whether the opponent contends that an article infringed a patent and, if so, which claims of the patent"). Although contention interrogatories propounded in the early stages of discovery can be a form of discovery abuse, when served later, as here, they can also be a useful tool to narrow the issues in dispute. Further, Plaintiff argues persuasively that it cannot adequately obtain the information by other means. Plaintiff has been unsuccessful discovering information through document requests and doubts the likelihood of obtaining the relevant information in deposition, as Defendant advocates. Depositions are frequently a more costly discovery tool than interrogatories, and they too are limited in number. The Court therefore GRANTS Plaintiff's motion to compel Defendant to respond to Interrogatory No. 18 in its entirety.

      Although neither party has focused on the remaining Interrogatories, Plaintiff also requests that the Court compel Defendant to "provide a substantive answer to Interrogatories Nos. 19 - [22]." Motion at 9:24-25. Plaintiff argues that the information sought in these interrogatories is central to the case, in that Plaintiff seeks facts supporting Defendant's defenses and counterclaims. Reply at 2:10-14. The Court agrees that Interrogatories Nos. 18 - 22 seek very relevant information, and concludes that the information requested is not "unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." Fed.R.Civ.P. 26(b)(2)(iii). Therefore, the Court grants Plaintiff's request to exceed the limit of 25 and answer these interrogatories as well. In its Reply, Plaintiff withdrew its motion to compel a response to Interrogatory No. 23. See Reply at 6:26-27. Plaintiff was wise to do so, because that sweeping interrogatory on top of the others would have been excessive.

      This Order terminates Docket No. 104.

**IT IS SO ORDERED.**

Dated: March 30, 2007

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge