E. Patrick Ellisen, CA Bar No. 142033
ellisenp@gtlaw.com
Daniel T. McCloskey, CA Bar No. 191944
mccloskeyd@gtlaw.com
**GREENBERG TRAURIG LLP**
1900 University Avenue 5th Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Brian A. Carpenter, *pro hac vice*
carpenterb@gtlaw.com
**GREENBERG TRAURIG LLP**
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Attorneys for Plaintiff and Counter-Defendant,
**PROTECTIVE OPTICS, INC.**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **PROTECTIVE OPTICS, INC.,** a California corporation<br><br>Plaintiff,<br><br>v.<br><br>**PANOPTX INC.,** a California corporation<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.  C05-02732 CRB<br><br>**PROTECTIVE OPTICS' MOTION FOR MISCELLANEOUS ADMINISTRATIVE RELIEF TO ENFORCE PATENT LOCAL RULE 3-8[1]**<br><br>Date:        May 4, 2007<br>Time:       10:00 a.m.<br>Courtroom: 8<br>Before:      Hon. Judge Charles Breyer<br>[Trial Date: August 6, 2007] |

---

[1] Pursuant to the parties' Stipulation And [Proposed] Order In Support Of Request For Administrative Relief To Consolidate And Set Hearing On Parties' Motions Re Patent Local Rule 3-8 For May 4, 2007, filed concurrently herewith, this Motion will also serve as Protective Optics' Opposition to Panoptx's Motion for Interpretation and Clarification of Patent Local Rule 3-8 Regarding Willful Infringement and Oral Opinions of Counsel.

## I. INTRODUCTION

Any party in the Northern District that intends to rely on an opinion of counsel as part of a defense to willful patent infringement must comply with Patent Local Rule 3-8 ("Rule 3-8") within 50 days of the Court's Claim Construction Ruling. It is undisputed that the defendant in this case, Panoptx, failed to make a proper, or indeed, any, production called for by Rule 3-8 within 50 days of the Court's Claim Construction Ruling, which required compliance not later than December 12, 2006. It did not produce an opinion or any other documents relating to the opinion, nor did it produce a privilege log identifying those documents relating to the opinion it contends remain privileged, as required by the rule. In short, the deadline set by Rule 3-8 passed with no action by Panoptx.

Instead, nearly six months after the Court's Claim Construction Ruling and only three months before trial and in a clear effort to "back-fill" its failure to comply with Rule 3-8, Panoptx for the first time in this case has advised Plaintiff Protective Optics ("Protective") that it intends to rely on an opinion of counsel as part of its defense to Protective's claim of willful infringement. Knowing that Rule 3-8 mandates the exclusion of opinions if the rule is not followed, Panoptx contends that the opinion upon which it seeks to rely is not covered by the rule because it was provided orally. The rule, however, makes no distinction between a written opinion of counsel and an oral opinion. It plainly states that it applies to any "party opposing a claim of patent infringement that will rely on an opinion of counsel." Panoptx's desperate arguments to the contrary, as set forth in the motion it filed to preempt the present one, lack any relevant authoritative support.

Although Panoptx did not produce any such documents within the time provided by the rule, it now seeks to absolve itself of its failure by pointing to its unrelated production on January 30, 2007, 90 days after the Court's Claim Construction Order and without any specification that such production was done pursuant to Rule 3-8, of a single letter that was sent by Panoptx's former attorneys, Stroock Stroock & Lavan, to Protective's counsel in 2004 in response to a cease and desist letter. In addition to the fact that the "production" of this letter was untimely and buried in a larger production, Panoptx's contention that it has no other documents which relate to the opinion— privileged or otherwise—even though Protective's infringement allegations have been an issue for

1  years now, is simply not credible. Panoptx's non-compliance is entirely consistent with its pattern of
2  dilatory discovery conduct which has caused Judge LaPorte to twice grant motions to compel.
3        Rule 3-8 clearly states that the remedy for non-compliance is that the party "shall not be
4  permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a
5  stipulation of the parties or by order of the Court, which shall be entered only upon a showing of
6  good cause." Panoptx clearly did not comply and there is no good cause for its failure. Accordingly,
7  Protective seeks through this Motion under Local Rule 7-11 an order enforcing the rule and
8  precluding Panoptx from relying on an opinion of counsel, whether written or oral, as part of its
9  defense to willful infringement.

10  **II.    FACTUAL BACKGROUND**

11        On July 5, 2005, Protective commenced the present litigation, alleging, among other things,
12  that Panoptx is willfully infringing U.S. Patent No. 6,062,688. Docket Index ("D.I.") No. 1
13  [Complaint for Patent Infringement]. Following briefing and oral hearing on the matter, this Court
14  issued its Claim Construction Ruling on October 23, 2006. D.I. No. 56 [Claim Construction Order].
15        On December 12, 2006, 50 days after the Court's Claim Construction Ruling, Panoptx made
16  no production under Rule 3-8. McCloskey Decl., at ¶ 2.
17        On January 30, 2007, Panoptx produced documents labeled PAN 001579-PAN 001663. *Id*.,
18  ¶ 3. Included in the January 30, 2007 production is a letter dated July 27, 2004 from Panoptx's
19  former counsel at Stroock, Stroock & Lavan to Protective's counsel containing Panoptx's response to
20  Protective's July 7, 2004 cease-and-desist letter. *Id.* ¶ 3. At that time, however, Panoptx made no
21  representation that production of this letter was pursuant to Rule 3-8. *Id*. Significantly, Panoptx's
22  Initial Disclosures did not identify any of the Stroock attorneys or other counsel as witnesses with
23  knowledge of its defenses. *See id.*
24        On April 18, 2007, two weeks before the deposition of Panoptx's CEO was to commence,
25  Protective received a letter by Panoptx's counsel, advising for the first time that Panoptx intended to
26  rely on oral opinions of counsel as a defense to willful infringement. *Id*. The same day, Protective
27  wrote Panoptx's counsel, advising that Panoptx had not complied with Rule 3-8 and that Protective
28

would move to enforce Rule 3-8 unless Panoptx affirmed by April 20, 2007 that it would withdraw its belated opinion of counsel defense. *Id*., ¶ 4.

On April 20, 2007, Panoptx filed a Motion for Interpretation and Clarification of Patent Local Rule 3-8 Regarding Willful Infringement and Oral Opinions of Counsel, arguing that Rule 3-8 does not apply to oral opinions of counsel, that Panoptx has good cause for its months of delay, and that Protective suffered no prejudice as a result. *See* D.I. No. 125.  The parties subsequently agreed, subject to this Court's approval, to consolidate the hearings on the present motion with Panoptx's Motion for Interpretation, and to set the hearing on them for May 4, 2007.[2]

### III.   ARGUMENT

#### A.   Patent Local Rule 3-8 Applies to <u>Any</u> Opinion of Counsel

Protective agrees with Panoptx that no case has ever held that Rule 3-8 applies only to a written opinion of counsel and does not apply to an oral opinion of counsel.  This is no surprise in light of the plain language of Rule 3-8, which provides as follows:

> Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement that <u>will rely on **an** opinion of counsel</u> as part of a defense to a claim of willful infringement shall:
>
> (a) Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and
>
> (b) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.
>
> A party opposing a claim of patent infringement who does not comply with the requirements of this Patent L.R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

Patent L. R. 3-8 (emphasis added).

Rule 3-8 makes no distinction as to whether the opinion intended to be relied on is written or oral.  As long as a party intends to rely on <u>an</u> opinion of counsel, the Rule requires that such a party

---

[2] In this regard, Protective's Motion for Miscellaneous Relief to Consolidate and Set Hearing on Parties' Motions Re Patent Local Rule 3-8 is filed concurrently herewith.

comply with its requirements by producing the opinion, any related documents and a privilege log for any documents for which privilege is claimed. Panoptx's argument that the plain meaning of the rule somehow requires the Court to "interpret" and "clarify" the language of Rule 3-8 is specious. Panoptx's proposed "clarification" of this straightforward rule is in fact an attempt to add qualifications and limitations to the rule that do not appear anywhere in the rule itself. The rule does not state that it is limited to written opinions, and Panoptx offers no relevant authority for a reading so at odds with the plain language of the rule. Its counsel's musings on the subject are not binding.

This is consistent with the purpose of Patent Local Rules. As observed by the Federal Circuit in *02 Micro Int'l Ltd. v. Monolithic Power Systems, Inc*., 467 F.3d 1355 (Fed. Cir. 2006), the purpose of the patent local rules is to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Id*. at 1365-66. This allows the parties to pin down the other party's theories of liability and defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case. *Id.* By requiring a party intending to rely on an opinion of counsel to disclose within 50 days of the Court's Claim Construction Ruling, Rule 3-8 allows the other party to conduct discovery relating to the opinion of counsel defense early in the discovery period, to allow narrowing of issues without being surprised at the last minute.

Now, if Panoptx's belated notice that it will be relying on an opinion of counsel after all is permitted to stand, Protective is left with substantially broadened scope of discovery into the opinions, and little time left to complete it. This is precisely the situation that the rules were designed to avoid, and the reason that the rule provides that such opinions shall be excluded if a party fails to comply with the rule.

Panoptx, however, essentially argues that a party should be permitted to spring an opinion of counsel defense at any time as long as the form of the opinion is oral. Such argument is contrary to the purpose of the Patent Local Rules and leads to discovery abuse, as is the case here. With a few months left before trial, Panoptx is attempting to resurrect a theory of defense it gave up more than four months ago. If successful, it will force Protective to divert its litigation resources and to start discovery relating to the opinion of counsel defense from scratch. This is the kind of sandbagging

1  that the Patent Local Rules were promulgated to prevent.  The only authority Panoptx proffers in
2  support of its interpretation is its lead counsel's vague recollections of his involvement with the
3  Committee that promulgated the Patent Local Rules.  Significantly, Panoptx could not cite to a single
4  committee report that supports its convoluted interpretation over the plain language of Rule 3-8.
5  Such self-serving, unsupported assertions should be simply disregarded.

6  Equally meritless is Panoptx's argument that it could not have complied with Rule 3-8
7  because the opinion it wants to rely on was oral.  Rule 3-8 requires that the defendant produce, in
8  addition to the opinion, "any other documents relating to the opinion(s)."  Even Panoptx
9  acknowledges that the July 27, 2004 letter is such a letter that Panoptx was obligated to produce
10 under Rule 3-8.  Yet, it failed to produce the letter until January 30, 2007, 90 days after the Court's
11 Claim Construction Order and without specifying that the letter was produced pursuant to Rule 3-8.

12 Additionally, Panoptx wants this Court to believe that none of its opinion counsel created any
13 emails or notes, memos or other research relating to their opinions.  It strains credibility that the only
14 document that exists and relates to the alleged oral opinions of counsel is the letter that its former
15 litigation counsel sent in response to Protective's cease-and-desist letter.  According to Panoptx then,
16 we are to believe that three years into the dispute between Protective and Panoptx over the patent in
17 suit and one single piece of paper is all that has been generated relating to any opinions of counsel
18 that Panoptx now claims were provided.  Such suspect claims of having produced everything are
19 reminiscent of Panoptx's pattern of dilatory discovery conduct in this case, a recent example of which
20 is detailed in the McCloskey Declaration filed concurrently herewith.  *See* McCloskey Decl., ¶¶6-8.

21 Lastly, Panoptx's argument that it was not required to disclose its intention to rely on an
22 opinion of counsel defense because plaintiff did not propound a contention interrogatory to that
23 regard is a red herring.  The very purpose of the Patent Local Rules is to do away with the abuse
24 associated with contention interrogatories.  The *O2Micro* court states that, in practice, allowing the
25 parties to discover their opponent's theories of case has been difficult to achieve through contention
26 interrogatories.  *Id*. at 1365-66.  The Patent Local Rules are designed to address this problem by
27 requiring the parties to disclose their theories of liability and defense, including an opinion of counsel
28 defense, to allow the parties to discover their opponent's theories early in the case.  *See id.*

**B.      Panoptx Cannot Show "Good Cause" for its Non-Compliance.**

It is well settled that "good cause" under the Patent Local Rules requires a showing of diligence. *O2 Micro*, 467 F.3d at 1366.[3]  Panoptx cannot and does not even attempt to argue that it has been diligent.  It has known about the claim of willful infringement from the very inception of the case.  In fact, Panoptx claims that it even went out and got more than one oral opinion of opinion even before this lawsuit was filed.  Yet, it waited nearly six months after the Court's Claim Construction Ruling and little over three months before trial to disclose its intention to rely on opinions of counsel.  There has been no diligence whatsoever on Panoptx's part.

Moreover, even under the Ninth Circuit's *Pioneer* standard advocated by Panoptx, it cannot show good cause.  Protective has clearly been prejudiced by Panoptx's non-compliance.  Protective has lost more than 4 months of discovery because of Panoptx's intentional failure to disclose its intention to rely on an opinion of counsel defense.[4]  Panoptx's production of a single response to a cease and desist letter does not allow Protective to judge the reasonableness of the opinions that were provided to Panoptx, or even to know what they were, who provided them, and when.[5]  Three monthe before trial is not the time to begin discovery into this long-closed issue.  This kind of sandbagging is prejudicial, as Panoptx recognizes as evidenced by its belated effort to notify Protective that it would be relying on an opinion of counsel and subsequent preemptive filing of its motion to "interpret" Rule 3-8 that it hopes will salvage its failure to comply with the rule.

---

[3] As a preliminary matter, Panoptx is incorrect when it suggests that this Court should follow the Ninth Circuit law when resolving a dispute involving patent local rules.  The Federal Circuit ruled in *O2Micro* that the issues concerning the validity and interpretation of patent local rules must be governed by the law of the Federal Circuit.  *See O2 Micro*, 467 F.3d at 1364-65.

[4] The scope of discovery that Protective would have already conducted had it known that Panoptx was relying on an opinion of counsel as a defense to willfulness, is broad.  See *Informatica Corp. v. Bus. Objects Data Integration*, 454 F.Supp.2d 957, 963-64 (N.D. Cal. 2006) (finding that the accused infringer must produce to the patentee "(a) attorney-client communications with any counsel on the subject of the opinion or advice on which [the accused infringer] relies; (b) work product communicated to [the accused infringer] on that same subject; (c) work product which reflects any communication on that subject.); *In re EchoStar Communs. Corp.*, 448 F.3d 1294,1303 (Fed. Cir. 2006).

[5] The timing of the opinions is of added significance here, given that Panoptx was advised of the patent in suit as early as 2002, when it was prosecuting its own patent.

Second, the reason for the delay in this case again militates against finding of good cause. Panoptx has known about the willful infringement allegation from the very inception of the case and could have disclosed its intention to rely on an opinion of counsel from Day One. Instead, it decided to wait until now to surprise Protective with its intention to rely on an opinion of counsel defense.

Third, there is no good faith basis for Panoptx's conduct. Rule 3-8 plainly requires any party that intends to rely on an opinion of counsel to make a timely disclosure. Panoptx acknowledges that it had at least one document that it was required to disclose even under its own interpretation of the Rule, yet it has failed to disclose it within the time frame required. This is nothing more than another one of Panoptx's dilatory tactics and should not be condoned.

In sum, there is no "good cause" for Panoptx's intentional delay of disclosing its intention to rely on an opinion counsel. Thus, Protective respectfully requests that the Court enforce Rule 3-8, and order that Panoptx "shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement."

## IV.    CONCLUSION

Rule 3-8 very clearly required Panoptx to produce, more than four months ago, any documents and a privilege log relating to any opinion of counsel upon which it intends to rely as a defense to willful infringement. Consistent with its past custom and practice in this case, Panoptx made no effort to comply with the rule and now belatedly claims that there is only a single document, already produced, that relates to the opinion it received. Panoptx's conduct is dilatory and its statements as to the absence of other documents are simply not credible.

Panoptx's continued pattern in favor of antiquated "hide the ball" and "trial by surprise" tactics have prejudiced Protective throughout this case and must stop. Particularly given that trial is now a few short months away, the only appropriate remedy for this conduct is to follow the mandate of Rule 3-8 and prohibit Panoptx from offering its alleged opinion of counsel, whether oral or written, as a defense to willful infringement. Protective has scant time left to conduct full and complete discovery on this issue, and should not have to do so, given the clear remedy of exclusion stated in the rule.

7
PROTECTIVE OPTICS' MOTION FOR MISCELLANEOUS RELIEF TO ENFORCE PATENT LOCAL RULE 3-8
CASE NO. C05-02732 CRB

1  Dated: April 24, 2007                    GREENBERG TRAURIG, LLP

3                                           By:    /s/ Daniel T. McCloskey
                                               E. Patrick Ellisen
4                                              Brian A. Carpenter
                                               Daniel T. McCloskey

6                                           Attorneys for Plaintiff and Counterclaim-
                                            Defendant,
7                                           PROTECTIVE OPTICS, INC.