E. Patrick Ellisen, CA Bar No. 142033
ellisenp@gtlaw.com
Daniel T. McCloskey, CA Bar No. 191944
mccloskeyd@gtlaw.com
**GREENBERG TRAURIG LLP**
1900 University Avenue 5th Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Brian A. Carpenter, *pro hac vice*
carpenterb@gtlaw.com
**GREENBERG TRAURIG LLP**
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Attorneys for Plaintiff and Counterclaim-Defendant,
**PROTECTIVE OPTICS, INC.**

Kenneth E. Keller (SBN: 71450) kkeller@kksrr.com
Michael D. Lisi (SBN 196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP**
114 Sansome Street, 4th Floor
San Francisco, CA 94104
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

Attorneys for Defendant and Counterclaimant,
**PANOPTX, INC**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PROTECTIVE OPTICS, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>PANOPTX INC., a California corporation<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION | Case No.   C05-02732 CRB<br><br>**STIPULATED PHASE OUT PERMANENT INJUNCTION AND ORDER** |

This Stipulated Phase Out Permanent Injunction ("Injunction") is entered into between Plaintiff and Counterclaim-Defendant Protective Optics, Inc. ("Protective") and Defendant and Counterclaimant Panoptx, Inc. ("Panoptx") (collectively, the "Parties"), with respect to this action, and in accordance with and pursuant to the terms of a Settlement Agreement and Mutual Release ("Agreement").

The Parties, having stipulated to the entry of the following Phase Out Permanent Injunction, and good cause appearing for the entry thereof, state as follows:

WHEREAS, on July 5, 2005, Protective initiated the present lawsuit against Panoptx in the United States District Court for the Northern District of California, styled *Protective Optics, Inc. v. Panoptx, Inc.*, Civil Action No. C 05-02732 CRB (the "Action"), seeking damages and injunctive relief for infringement of United States Patent No. 6,062,688, entitled "Detachable Eyeglass Foam Shield" (hereinafter referred to as "the '688 Patent");

WHEREAS, on June 6, 2007, Protective and Panoptx and their counsel appeared before Magistrate Judge Edward Chen of the Northern District of California for the purpose of putting the basic terms of a settlement of the Action on the record while contemplating that the settlement would be further memorialized in a subsequent written settlement agreement and release, which documentation resulted in the Agreement which is incorporated by reference as though fully set forth herein;

WHEREAS, pursuant to the Agreement, and unless and until a court of competent jurisdiction determines or Protective enters into a written agreement that the '688 Patent is invalid, Panoptx admits and is estopped from denying that the Accused Products as separately identified in the Agreement and herein infringe the '688 Patent and that the '688 Patent is valid;

WHEREAS, the Parties have agreed pursuant to the Agreement that the Accused Products means the following Panoptx products as presently designed: Raptor CV, Sirocco CV, Diablo CV, Kona CV, Gust CV, Convertible, Solano CV, Bora CV, Churada CV, Whirlwind CV, Chubasco CV; Warrior V-Zero Ballistic; and Warrior Tactical;

WHEREAS, "Panoptx" as used herein means Panoptx, Inc., a California corporation with its principal place of business located at 1252 Quarry Lane, Pleasanton, California 94566 and/or a person or business entity, including without limitation entities organized as corporations, partnerships, limited liability partnerships and limited liability companies, that currently or in the future, controls, is controlled by, or is under common control of or with Panoptx;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

(1) Subject to the Phase Out provisions set forth herein, Panoptx is prohibited and permanently enjoined from: (a) importing, making, having made, using, selling, or offering for sale the Accused Products as presently designed, (b) importing, making, having made, using, selling, or offering for sale any product that infringes any claim of the '688 Patent, and (c) from inducing or contributing to the infringement of the '688 Patent by others; however, nothing in the Injunction or the Agreement shall restrict or limit the rights of Panoptx to use the model names or numbers presently associated with the Accused Products in conjunction with other sunglass products or to redesign the Accused Products to any non-infringing design.

(2) Panoptx will phase out (meaning herein to stop making, using, selling, or offering for sale) the Accused Products as presently designed to the "Military Market" (which as stated in the Agreement the parties agree shall mean "solicited by any authorized governmental purchaser for the purposes of issuing to military personnel as part of the officially sanctioned uniform") by December 31, 2007.

(3) Panoptx will phase out (meaning herein to stop making, using, selling, or offering for sale) all other Accused Products as presently designed to all other purchasers by December 31, 2008.

(4) Panoptx is prohibited and permanently enjoined from assisting, aiding, or abetting any other person or business entity, in engaging in or performing any of the enjoined activities referred to herein.

1    (5)   If litigation or other action is commenced between the Parties concerning any dispute arising out of or relating to this Injunction, the prevailing party will be entitled, in addition to any other award or relief that may be granted, to recover all court costs and all reasonable expenses associated with the proceeding or action, including without limitation reasonable attorneys' fees and expenses.

(6)   The Action, including all claims, counterclaims, and third party claims therein are hereby dismissed with prejudice, each party to bear its own fees and costs.

(7)   This Court retains jurisdiction over this matter and to the extent necessary to enforce this Injunction and the Agreement and to determine any issues which may arise concerning them.

**IT IS SO STIPULATED.**

DATED: August 14, 2007          GREENBERG TRAURIG, LLP

                                By: _____
                                    E. Patrick Ellisen

                                Attorneys for Plaintiff and Counterclaim-Defendant,
                                **PROTECTIVE OPTICS, INC.**

DATED: August 14, 2007          KRIEG, KELLER, SLOAN, REILLEY & ROMAN, LLP

                                By: _____
                                    Kenneth E. Keller

                                Attorneys for Defendant and Counterclaimant,
                                **PANOPTX, INC.**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 22, 2007          _____
                                HON. CHARLES R. BREYER
                                UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Charles R. Breyer*